831 F.2d 295
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LECTOMELT CASTING AND MACHINERY COMPANY, A Division of Akron
Standard Division, Eagle-Picher Industries, Inc., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LECTROMELT CASTING DIVISION, RAVENNA INDUSTRIES, INC., A
Wholly-Owned Subsidiary of the A.C. Williams
Company, Respondent.
 Nos. 86-5369, 86-5425, 86-5426 and 86-5507
 United States Court of Appeals, Sixth Circuit.
 October 8, 1987.
 
 Before ENGEL, MERRITT and RYAN, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Petitioner companies appeal from three decisions and orders of the National Labor Relations Board in a controversy that arose out of a wildcat strike at the Lectromelt plant in Barberton, Ohio. The Board, in decisions published at 269 NLRB 933 (1984) and 278 NLRB No. 102 (1986), found that three employees were fired at least in part due to their status as union officers in violation of section 8(a)(1) and (3) of the National Labor Relations Act and of the principles enunciated in Metropolitan Edison Co. v. NLRB, 460 U.S. 693 (1983), and Midwest Precision Castings Co., 244 NLRB 597 (1979).
 
 
 2
 The companies' principal contentions on appeal are that the Board's findings are not supported by substantial evidence and, even if they are, that the employees' filing of unfair labor practice charges should be barred by the terms of a settlement agreement reached on August 20, 1979 between the union and appellant Ravenna Industries.
 
 
 3
 Upon full review of the record in this case, we are persuaded that the Board's findings are supported by substantial evidence and that the terms of the settlement agreement do not bar this action.
 
 
 4
 The companies argue that the settlement agreement here is indistinguishable from that in Hotel Holiday Inn de Isla Verde, 278 NLRB No. 147, 121 LRRM 1273 (1986), on remand from Hotel Holiday Inn de Isla Verde v. NLRB, 723 F.2d 169 (1st Cir. 1983). We disagree, concluding that the Board had a reasonable basis upon which it concluded that the agreement did no more than present the fired employees with the option of accepting reinstatement.
 
 
 5
 The companies further argue that the Board drew inferences contrary to those of the ALJ regarding the circumstances of employee Palmer's firing, and therefore that we should take a 'harder' look than usual at its findings pursuant to N.L.R.B. v. Homemaker Shops, Inc., 724 F.2d 535 (6th Cir. 1984), and N.L.R.B. v. Tru-Line Metal Products Co., 324 F.2d 615 (6th Cir. 1963), cert. denied, 377 U.S. 906 (1964).
 
 
 6
 We agree with the Board, however, that its difference from the ALJ on the Palmer issue was not an inference contrary to that of the ALJ, but rather a different conclusion on the legal significance under Metropolitan Edison and Precision Castings of Palmer's mere presence on the picket line. The so-called 'harder look' doctrine, thus, is not implicated here, and the Board's findings on the firing of both Palmer and the May brothers are supported by substantial evidence.
 
 
 7
 The companies' remaining grounds for appeal on the various procedural rulings of the Board and on the issue of joint and several liability are without merit. For the reasons stated above and for the reasons stated in the published decisions of the Board cited supra, we therefore enforce the Board's three orders at issue.